**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn in on November 3, 2016**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| **v.** | : | **GRAND JURY ORIGINAL** |
| | : | |
| **TIFFANY HENRY,** | : | **VIOLATIONS:  21 U.S.C. § 846** |
| **ANGELA M. CORTEZ, and** | : | **(Conspiracy to Distribute and Possess** |
| **JEREMY ALBRECHT,** | : | **with Intent to Distribute Marijuana and** |
| | : | **Cocaine)** |
| **Defendants.** | : | **21 U.S.C. § 843(c)(2)(A)** |
| | : | **(Unlawful Use of a Communication** |
| | : | **Facility)** |
| | : | **21 U.S.C. § 841(a)(1) and § 841(b)(1)(D)** |
| | : | **(Unlawful Distribution of Marijuana)** |
| | : | **21 U.S.C. § 841(a)(1) and § 841(b)(1)(D)** |
| | : | **(Unlawful Possession with Intent to** |
| | : | **Distribute Marijuana)** |
| | : | **21 U.S.C. § 841(a)(1) and § 841(b)(1)(C)** |
| | : | **(Unlawful Possession with Intent to** |
| | : | **Distribute Cocaine)** |
| | : | |
| | : | **FORFEITURE:** |
| | : | **21 U.S.C. § 853(a) and (p)** |

**I N D I C T M E N T**

The Grand Jury charges that:

**COUNT ONE**

From on or about September 5, 2017, through on or about October 30, 2017, within the

District of Columbia and elsewhere, **TIFFANY HENRY**, **ANGELA M. CORTEZ**, and

**JEREMY ALBREGHT**, did knowingly and willfully combine, conspire, confederate, and agree

together and with other persons both known and unknown to the Grand Jury, to unlawfully,

knowingly and intentionally distribute and possess with intent to distribute a mixture and substance

containing a detectable amount of marijuana, a Schedule I controlled substance and a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D), and 841(b)(1)(C).

(**Conspiracy to Distribute and Possess with Intent to Distribute Marijuana and Cocaine**, in violation of Title 21, United States Code, Section 846)

## COUNT TWO

From on or about September 5, 2017, through on or about October 24, 2017, within the District of Columbia, **TIFFANY HENRY**, did unlawfully, knowingly, and intentionally use a communication facility, that is the internet, to facilitate the distribution of marijuana, charged in Count Three, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

(**Unlawful Use of a Communication Facility**, in violation of Title 21, United States Code, Section 843(c)(2)(A))

## COUNT THREE

On or about October 24, 2017, within the District of Columbia, **TIFFANY HENRY** and **ANGELA M. CORTEZ**, did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(**Unlawful Distribution of Marijuana**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D))

## COUNT FOUR

On or about October 30, 2017, within the District of Columbia, **TIFFANY HENRY**, **ANGELA M. CORTEZ**, and **JEREMY ALBREGHT**, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(**Unlawful Possession with Intent to Distribute Marijuana**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D))

## COUNT FIVE

On or about October 30, 2017, within the District of Columbia, **TIFFANY HENRY**, **ANGELA M. CORTEZ**, and **JEREMY ALBREGHT**, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

(**Unlawful Possession with Intent to Distribute Cocaine**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## FORFEITURE ALLEGATION

1.      Upon conviction of any of the offenses alleged in Counts One, Two, Three, Four and/or Five, the defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of these offenses.  The United States will also seek a forfeiture money judgment against the defendant in the amount of $75,642.92.

2.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property that cannot be divided without difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a) and (p))

A TRUE BILL:


FOREPERSON.


Attorney of the United States in
and for the District of Columbia.