**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TIFFANY HENRY, *et al.*,<br>        Defendants. | Criminal No. 17-216 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(December 1, 2017)

      This matter comes before the Court upon the Government's [8] Motion for Emergency Stay and for Review and Appeal of Release Order with respect to Defendant Tiffany Henry ("Henry").[1] A federal indictment charges (1) Defendants Tiffany Henry ("Henry"), Angela M. Cortez ("Cortez"), and Jeremy Albrecht ("Albrecht") (collectively, "codefendants") with conspiracy to distribute and possess with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. § 846, (2) Defendant Henry with unlawful use of a communication facility, in violation of 21 U.S.C. § 843(c)(2)(A), (3) Defendants Henry and Cortez with unlawful distribution of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), (4) Defendants Henry, Cortez, and Albrecht with unlawful possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), and (5) Defendants Henry, Cortez, and Albrecht with unlawful possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

      On October 30, 2017, D.C. law enforcement executed a search warrant with respect to an apartment leased by Defendant Henry. Based on the ensuing search, codefendants were each arrested at the apartment, processed in D.C. Superior Court, and released on their personal recognizance. Defendants Henry and Cortez returned to Defendant Henry's apartment. On November 9, 2017, the above-described federal indictment issued, and each of the codefendants was arrested on November 15, 2017. The codefendants initially appeared before Magistrate Judge G. Michael Harvey on November 15, 2017, and a detention hearing was scheduled for November 20, 2017.

      At the hearing before Magistrate Judge Harvey, Defendant Albrecht did not challenge the Government's motion for pretrial detention and was not released. Defendants Henry and Cortez did challenge the Government's respective motions, and Magistrate Judge Harvey ordered that they be released subject to conditions pursuant to 18 U.S.C. § 3142(c). At the Government's request, Magistrate Judge Harvey stayed the release orders to permit the Government time to appeal. Shortly after the detention hearing, the Government filed the presently pending Government's [8] Motion for Emergency Stay and for Review and Appeal of Release Order with

---

[1] A separate Memorandum Opinion and Order shall address a parallel motion with respect to Defendant Angela M. Cortez.

1

respect to Defendant Henry. The Court held a hearing on the record on November 30, 2017, to obtain further information from the prosecution and defense counsel regarding Defendants Henry and Cortez, respectively, and the Court made certain findings; all of which are incorporated as part of this Memorandum Opinion.

The Court has reviewed Defendant Henry's Pretrial Services Report for United States District Court, the Government's [5] Memorandum in Support of Detention, the Government's [8] Motion for Emergency Stay and for Review and Appeal of Release Order, and Defendant Henry's [13] Opposition to Motion for Emergency Stay and for Review and Appeal of Release Order; discussed this matter with Magistrate Judge Harvey; and considered the information obtained through the Court's November 30, 2017, hearing. For the reasons set forth on the record at the November 30, 2017, hearing and set forth below, the Court affirms Magistrate Judge Harvey's order releasing Defendant Henry subject to the conditions he identified.

**I. BACKGROUND**

At the initial appearance before Magistrate Judge Harvey on November 15, 2017, the Government made an oral motion for temporary detention (a three-day hold) of Defendant Henry. Magistrate Judge Harvey granted this motion, and the detention hearing was set for November 20, 2017.

The Government proffered evidence to Magistrate Judge Harvey, and again offered this evidence in their pleading on appeal, that Defendant Henry maintained a social media profile advertising the sale of marijuana and THC-infused products, that an undercover officer of local law enforcement had arranged to purchase certain such products from Defendant Henry, and that a search of Defendant Henry's apartment at 901 6th Street SW, #509A, Washington, DC, 20024 had yielded a large quantity of marijuana and THC-infused products, a smaller quantity of cocaine, and various implements for manufacturing and consuming marijuana and THC-infused products.

Magistrate Judge Harvey considered whether Defendant Henry could be released subject to conditions pursuant to 18 U.S.C. § 3142. The Pretrial Services Agency ("PSA") had recommended on November 15, 2017, that, if Defendant Henry were to be released, she be released on personal recognizance with required program placement, if applicable, and a weekly reporting by telephone.

Magistrate Judge Harvey, on setting the conditions for release, had determined that, under 18 U.S.C. § 3142, Defendant Henry could be released subject to the following conditions: that she be released into a work release/halfway house; that she have no social passes, including that she not possess a passport; that she stay away from the apartment she leased; that she report to PSA weekly by telephone; that she be placed in a weekly drug testing program; and that she seek and maintain employment. Furthermore, Magistrate Judge Harvey's order made clear that, *inter alia*, "any violation of a condition of release may result in revocation of release, pretrial detention or contempt" and that if Defendant Henry does not "appear as required, [she] will be subject to prosecution and if convicted, the maximum penalties" may be imposed. ECF No. 11.

## II. THE BALANCE OF FACTORS MILITATES IN FAVOR OF RELEASING DEFENDANT HENRY SUBJECT TO CONDITIONS

The Court reviews *de novo* whether there are conditions of release that will reasonably assure the safety of any other person and the community. An offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act raises a rebuttable presumption that no conditions or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A).

The rebuttable presumption clearly applies in this case. Because of the cocaine that was seized from Defendant Henry's apartment, she has been indicted for unlawful possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), among other charges. The prosecution and defense agree that the statutory maximum term of imprisonment, thought to be twenty years under 21 U.S.C. § 841(c), is attributable to this cocaine charge rather than to the marijuana-related charges.

In conducting its analysis of the rebuttable presumption, the Court examines the available information that touches upon: (1) the nature and circumstances of the offense charged, including whether the offense involves a controlled substance; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community. *See* 18 U.S.C. § 3142(g). Between a concern for the safety of the community and the risk of Defendant Henry's flight, at the hearing the prosecutor indicated that the Government's concern is for the safety of the community.

Upon consideration of these factors, the Court determines that Defendant Henry has provided evidence to rebut the presumption of detention, which requires "clear and convincing evidence" under 18 U.S.C. § 3142(f). Accordingly, the Court orders that Defendant Henry be released pending trial subject to the conditions set forth by Magistrate Judge Harvey, as discussed above.

### *1. Nature and Circumstances of the Offenses Charged*

Based on the allegations contained in the Government's [5] Memorandum in Support of Detention, the charges underlying this case originated with the Metropolitan Police Department's ("MPD") receipt of an anonymous tip flagging suspicious activity and possible drug sales at what has since been identified as Defendant Henry's address. The tip indicated that Defendants Henry and Albrecht lived at the apartment and provided certain other identifying information. The government also received complaints that the apartment emitted a smell of marijuana that was "continuous and pervasive immediately upon reaching the fifth floor of the building," and that "hundreds" of suspected drug transactions were taking place there. As part of its investigation, law enforcement identified a social media account belonging to Defendant Henry through which she advertised sales of marijuana and THC-infused products. An undercover MPD officer made arrangements with Defendant Henry to purchase certain of these products, and Defendant Cortez showed up to hand the officer a gift bag containing the products. The transaction is recorded on video.

Upon obtaining and executing a search warrant, MPD officers searched and recovered from the apartment a substantial amount of marijuana. At the Court's hearing, the Government made a proffer that the Drug Enforcement Administration was processing material seized from the apartment that would amount to over 1,000 exhibits. A sample of photographs of such exhibits showed copies of online and other text-based communications regarding the sale of marijuana, as well as photographs of what appear to be marijuana plants and related paraphernalia in the apartment.

In its [5] Memorandum in Support of Detention, the Government provided the following list of "*some* of the items recovered during the course of the search":

- Approximately 1 kilogram of plant-like substance, which field-tested positive for the presence of THC.

- Several packages of amber wax-like and crystallized items that field-tested positive for the presence of THC.

- Assorted items and edibles that contained THC packaged in various containers including labeled glass jars, heat-sealed plastic envelopes, and plastic cylinders.

- Several items containing a white powdered substance that field-tested positive for cocaine with a combined weight of 71.5 grams.

- Several caches containing U.S. currency located around the residence totaling approximately $75,683.12.

- Numerous unidentified pills.

- Numerous digital scales, grinders, hand-rolled cigar machines, RX label stickers, medicine bottles, and ledgers.

- Numerous hand-rolled cigars, syringes, vape pens and glass marijuana smoking instruments.

The Government also indicated that "[a]dditional edibles items recovered include cookies, tubes, mushrooms and gummy candies, all of which are suspected to contain THC."

As for the 71.5 grams of cocaine that was found, discussion at the hearing and a copy of an exhibit shared with the Court showed that the cocaine was recovered from a "fake book." This fake book was located in a brown dresser in the apartment's living room. Inside of this fake book was an indentation cut-out in which the cocaine was found in one or more plastic bags.

Based on Defendant Henry's alleged online activities, her alleged transaction with the undercover officer, and the substantial amount of drugs allegedly recovered from an apartment leased to her, the Court finds that the nature and circumstances of the charged offenses weigh in favor of detaining Defendant Henry.

*2. Weight of the Evidence Against the Defendant*

The strength of the evidence against Defendant Henry with respect to marijuana is strong. The Government has copies of alleged correspondence by Defendant Henry regarding the drug transaction with the undercover officer, and a search warrant executed on her apartment resulted in recovery of the marijuana products and paraphernalia described above. It should be noted, however, that at this point in their investigation, the Government has no evidence that Defendant Henry was buying marijuana from outside sources, rather than growing it in the apartment; that, with further investigation, may change.

The evidence linking Defendant Henry to cocaine is considerably weaker. The cocaine was recovered from the living room of an apartment occupied by three people. Although Defendant Henry was the lease holder, the Government does not argue that the cocaine is attributable specifically to her, rather than to either of the other two occupants (*e.g.*, Defendant Cortez, who tested positive at one point for cocaine usage). Moreover, Defendant Henry's online sales material made no mention of cocaine; they related solely to marijuana.

Although less cocaine than marijuana was involved, the maximum statutory penalty of twenty years is much more severe than for marijuana. Defense counsel estimates that the advisory Sentencing Guidelines provide for an applicable range of only 15-21 months in prison. ECF No. 13, at 3-4. The Government indicated at the Court's hearing that it has not yet performed its own calculation. Moreover, the actual calculation may be different depending on which offense characteristics apply. Nevertheless, it appears that the seriousness of the penalty facing Defendant Henry is less significant in practice than the maximum penalty would suggest.

Accordingly, the Court finds strong evidence against Defendant Henry, but some aspects, as described above, particularly regarding the cocaine but also the marijuana, reduce the weight of this evidence.

*3. History and Characteristics of the Defendant*

Defendant Henry's history and characteristics are much more positive. Defendant Henry grew up in the D.C. metro area and lived only for fifteen months in the apartment at issue, where she was a leaseholder (until expiration of the lease on November 30, 2017). She is 30 years old with no prior convictions. Defendant Henry holds two bachelor's degrees from Virginia Tech. According to defense counsel at the Court's hearing, these degrees are in "business management [and] fashion design," with a minor in green engineering. She has been employed in the past, for herself and for other organizations, as a web designer. She was released by D.C. Superior Court on personal recognizance from October 31, 2017, to November 15, 2017, and she incurred no additional violations, nor did she abscond. While her Pretrial Services Report indicates that she "tested positive for Amphetamine in the past 30 days," defense counsel explained at the Court's hearing that this is attributable to medication that she takes by prescription. Accordingly, this factor weighs heavily against pretrial detention.

### *4. The Nature and Seriousness of the Danger to Any Person or the Community that Would Be Posed by the Person's Release*

As indicated above, the Government is concerned that Defendant Henry's release would endanger the safety of the community. The conditions placed by Magistrate Judge Harvey on Defendant Henry's release would ensure the protection of the community's safety. The halfway house is a controlled setting which would keep close supervision over Defendant Henry's activities. Similarly, the magistrate's conditions require drug testing and an employment search. Only for that employment search and the resulting employment would Defendant Henry be released from the halfway house; social passes would be prohibited. These conditions of confinement would limit Defendant Henry's ability to start this alleged illegal activity again and accordingly "reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). This factor too weighs heavily against pretrial detention.

### III. ADDITIONAL CONSIDERATION

PSA has advised the Court that Defendant Henry's transfer from prison to a halfway house may be delayed by approximately one week. The Court understands that the delay may be necessary for a space to become available in the halfway house.

### IV. CONCLUSION

Upon consideration of all of the evidence and the factors set forth in 18 U.S.C. § 3142(g), and the release conditions set by Magistrate Judge Harvey pursuant to § 3142(c), the Court finds that there is not clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Rather, the Court finds that the combination of conditions imposed by Magistrate Judge Harvey would reasonably ensure the safety of the community were Defendant Henry to be released pending trial. Defendant Henry has successfully provided evidence sufficient to rebut the presumption in favor of pretrial detention required by § 3142(e)(3)(A).

Thus, for the foregoing reasons, it is this 1st day of December, 2017, hereby

**ORDERED** that the Government's [8] Motion for Emergency Stay and for Review and Appeal of Release Order is **DENIED**; and it is

**FURTHER ORDERED** that Defendant Henry be released pursuant to 18 U.S.C. § 3142(c) into a work release/halfway house under the conditions established in the Court's [19] Release Order.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge