# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TIFFANY HENRY,<br><br>Defendant. | Criminal No. 17cr00216-01 (CKK) |

## MEMORANDUM OPINION
(December 22, 2017)

On December 20, 2017, Defendant Tiffany Henry, through counsel, filed a [26] Motion for Holiday Release ("Def.'s Motion") requesting permission to be released from her halfway house placement from December 24, 2017 until the morning of December 26, 2017, for the purpose of spending time with her family over the Christmas holiday. The Government filed its [27] Opposition to the Motion for Holiday Release ("Gov't Opp'n.") on December 21, 2017, emphasizing that the Court permitted Defendant to leave the halfway house solely for the purpose of seeking employment and thereafter going to and from any employment but prohibited Defendant from any social passes with the intention that "[t]hese conditions of confinement would limit Defendant Henry's ability to start this alleged illegal activity again and accordingly 'reasonably assure . . . the safety of any other person and the community.'" Gov't Opp'n at 2-3 (citing December 1, 2017 Mem. Op. and Order, ECF No. 22, at 6.)

Defendant filed her [28] Reply to the Government's Opposition ("Def.'s Reply") on December 21, 2017, arguing that the Government provides no evidence as to how permitting Ms. Henry to celebrate Christmas with her family would lead to her engaging in illegal activity nor does the Government explain how permitting a one-time furlough would pose a danger to the

community when Ms. Henry is permitted to leave the halfway house to look for a job. Def's Reply at 1. For the reasons set forth herein, Ms. Henry's request is GRANTED IN PART and DENIED IN PART.

On November 13, 2017, Ms. Henry was charged in a five-count Indictment with: Conspiracy to Distribute and Possess with Intent to Distribute Marijuana and Cocaine (Count One); Unlawful Use of a Communication Facility (Count Two); Unlawful Distribution of Marijuana (Count Three); Unlawful Possession with Intent to Distribute Marijuana (Count Four); and Unlawful Possession with Intent to Distribute Cocaine (Count Five). Subsequent to the indictment, Magistrate Judge Michael Harvey issued an arrest warrant for Ms. Henry.

Ms. Henry appeared in court before Magistrate Judge Harvey, on November 15, 2017, for her initial appearance and arraignment, and she entered a plea of not guilty on all charges. The Government made an oral motion for pretrial detention and Magistrate Judge Harvey scheduled a November 20, 2017 detention hearing in response thereto. At the conclusion of the November 20, 2017 detention hearing, Magistrate Judge Harvey denied the Government's motion for detention and released Ms. Henry to a halfway house. The Government appealed that ruling, and on November 30, 2017, this Court held a hearing on the issue of whether Ms. Henry should be released or detained pending trial. The Court determined that Ms. Henry could be released pending trial but that such release would be made subject to the following conditions:

> that she be released into a work release/halfway house; that she have no social passes, including that she not possess a passport; that she stay away from the apartment she leased; that she report to PSA weekly by telephone; that she be placed in a weekly drug testing program; and that she seek and maintain employment.

December 1, 2017 Mem. Op. and Order, ECF No. 22, at 2.

On December 11, 2017, Ms. Henry was transported to and placed in a halfway house. The Government suggests that "the defendant has proffered no facts in her motion for holiday release suggesting any change of circumstances since this Court issued its order, and therefore the government does not believe any such holiday release is warranted." Gov't Opp'n at 3. Since being placed in the halfway house on December 11, 2017, Ms. Henry has been compliant with the rules and regulations of the halfway house; she has reported to PSA by telephone as required; she has been actively seeking employment; and she has tested negative for illegal substances at her December 14, 2017 and December 21, 2017 drug tests. The Court notes that Ms. Henry's compliance with the conditions imposed on her during the relatively short time she has been in the halfway house is merely what is expected of her, and as such, it does not warrant her release for a period of multiple days, including two overnights. The Court acknowledges however Ms. Henry's desire to spend time with her family during the Christmas holiday, and as such, is willing to permit Ms. Henry a one-time exception to the condition of "no social passes" with a release from the halfway house on December 25, 2017, from 9:00 a.m. until no later than 5:00 p.m., so that Ms. Henry may spend time with her family at her parents' home, which is located at 1820 Cloverdale Drive, Vienna, Virginia, 22182. The Court further imposes the condition that Ms. Henry undergo drug testing upon her return but no later than December 26, 2017.

Ms. Henry's [26] Motion for Holiday Release is therefore GRANTED-IN-PART and DENIED-IN-PART. A separate Order accompanies this Memorandum Opinion

*/s/ Colleen Kollar-Kotelly*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE