# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

TIFFANY HENRY,

    Defendant.

**Criminal No. 17-216-01 (CKK)**

## MEMORANDUM OPINION
(January 26, 2018)

On January 25, 2018, Defendant Tiffany Henry, through counsel, filed a [34] Motion for Social Pass ("Def.'s Mot.") requesting permission to be released from her halfway house placement on January 28, 2018, for the purpose of attending a remembrance for her grandfather at the National Memorial Park in Falls Church, Virginia, and at her family's home in Vienna, Virginia. The Government filed its [35] Opposition to Defendant's Motion for Social Pass ("Gov't Opp'n") on January 26, 2018, emphasizing that the Court's prohibition of social passes was part of its determination of the "least restrictive . . . combination of conditions" under which Defendant Henry could be released before trial while preserving the safety of the community. Gov.'t Opp'n at 3, 6-7 (quoting 18 U.S.C. § 3142(c)(B)) (internal quotation marks omitted).

Defendant Henry filed her [36] Reply to Government's Opposition to Defendant's Motion for Social Pass ("Def.'s Reply") on January 26, 2018, arguing that the Government relies on "innuendo," without supporting evidence, to speculate what "new crimes" Ms. Henry could commit during her short social pass. Def.'s Reply at 1. For the reasons set forth herein, Ms. Henry's request is **DENIED**.

On November 13, 2017, Ms. Henry was charged in a five-count Indictment with:

1

Conspiracy to Distribute and Possess with Intent to Distribute Marijuana and Cocaine (Count One); Unlawful Use of a Communication Facility (Count Two); Unlawful Distribution of Marijuana (Count Three); Unlawful Possession with Intent to Distribute Marijuana (Count Four); and Unlawful Possession with Intent to Distribute Cocaine (Count Five). Subsequent to the indictment, Magistrate Judge Michael Harvey issued an arrest warrant for Ms. Henry.

Ms. Henry appeared in court before Magistrate Judge Harvey, on November 15, 2017, for her initial appearance and arraignment, and she entered a plea of not guilty on all charges. The Government made an oral motion for pretrial detention and Magistrate Judge Harvey scheduled a November 20, 2017, detention hearing in response thereto. At the conclusion of the November 20, 2017, detention hearing, Magistrate Judge Harvey denied the Government's motion for detention and released Ms. Henry to a halfway house. The Government appealed that ruling, and on November 30, 2017, this Court held a hearing on the issue of whether Ms. Henry should be released or detained pending trial. The Court determined that Ms. Henry could be released pending trial but that such release would be made subject to the following conditions:

> that she be released into a work release/halfway house; that she have no social passes, including that she not possess a passport; that she stay away from the apartment she leased; that she report to PSA weekly by telephone; that she be placed in a weekly drug testing program; and that she seek and maintain employment.

Dec. 1, 2017 Mem. Op. and Order, ECF No. 22, at 2.

On December 11, 2017, Ms. Henry was transported to and placed in a halfway house. On December 20, 2017, Ms. Henry moved for a social pass from the halfway house in order to spend several days with her family for Christmas. Over the Government's objection, the Court granted-in-part and denied-in-part Ms. Henry's request, permitting her release on December 25, 2017, from 9:00 a.m. until no later than 5:00 p.m. In doing so, the Court found that

> Since being placed in the halfway house on December 11, 2017, Ms. Henry has

been compliant with the rules and regulations of the halfway house; she has reported to PSA by telephone as required; she has been actively seeking employment; and she has tested negative for illegal substances at her December 14, 2017 and December 21, 2017 drug tests.

Dec. 22, 2017 Mem. Op., ECF No. 30, at 3. In light of "Ms. Henry's desire to spend time with her family during the Christmas holiday," the Court made "a *one-time exception* to the condition of 'no social passes.'" *Id.* (emphasis added).

The Court has every indication that Ms. Henry remains in compliance with the Court's [19] Release Order. The Pretrial Services Agency ("PSA") indicates that Ms. Henry remains compliant with the rules and regulations of the halfway house; she has continued to report to PSA by telephone; she has obtained full-time employment as a customer service representative at a salon; and she has tested negative for illegal substances[1] on December 28, 2017, January 4, 2018, January 11, 2018, January 18, 2018, and January 25, 2018. In light of the Government's apparent concern that Ms. Henry could use her computer savvy to restart her alleged illegal narcotics business, *see* Gov't Opp'n at 4, the Court notes that it is not aware whether she has access to a computer at work, and if so, whether she has open access to the Internet.[2]

Despite evidence that Defendant continues to comply with the Court's [19] Release Order, the Court cannot treat this second request for a social pass in the same way that it handled the first. "Ms. Henry's compliance with the conditions imposed on her . . . is merely what is expected of her, and as such, it does not warrant her release . . . ." Dec. 22, 2017 Mem. Op., ECF No. 30, at 3. One of the key conditions to Ms. Henry's pretrial release was the Court's adoption of the condition

---

[1] As anticipated by the Court's previous discussion of Defendant's prescription, she has continued to test positive for Amphetamine. *See* Dec. 1, 2017 Mem. Op. and Order, ECF No. 22, at 5.

[2] Ms. Henry does have "some," presumably monitored access to the Internet at the halfway house. Def.'s Reply at 1.

that Ms. Henry have no social passes. The Government rightfully observes that this second motion for such a pass highlights "an attempt to circumvent, on a piece meal basis, the Court's Release Order prohibiting social passes." Gov't Opp'n at 5.

The Court also notes in passing that Ms. Henry has not been without opportunities to participate in remembrances for her grandfather, prior to her arrest and incarceration. *See* Def.'s Mot. at 1.

For the foregoing reasons, Ms. Henry's [34] Motion for Social Pass is therefore **DENIED**. A separate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge