**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

UNITED STATES OF AMERICA,

v.

TIFFANY HENRY,

Defendant.

Criminal No. 17-216-01 (CKK)

---

**MEMORANDUM OPINION**
(November 21, 2018)

On November 19, 2018, Defendant Tiffany Henry (1), through counsel, filed a [104] Motion for Holiday Release ("Def.'s Mot.") requesting permission to be released from her halfway house placement from November 22, 2018, at 9:00 AM through November 23, 2018, at 12:00 PM, for the purpose of spending Thanksgiving with her family at her family's home in Vienna, Virginia. The Government filed its [105] Opposition to the Defendant's Motion for Holiday Release ("Gov't Opp'n") on November 20, 2018, reiterating that the Court's prohibition of social passes must mean it was part of the "least restrictive measure" under which Ms. Henry could be released before trial while preserving the safety of any other person and the community. Gov't Opp'n at 1; *see also* 18 U.S.C. § 3142(c)(1)(B).

Ms. Henry filed her [106] Reply ("Def.'s Reply") on November 20, 2018, arguing that she has been in compliance and that the Government's concerns are speculative. For the reasons set forth herein, Ms. Henry's request is **DENIED**.

On November 13, 2017, Ms. Henry was charged in a five-count Indictment with: Conspiracy to Distribute and Possess with Intent to Distribute Marijuana and Cocaine (Count One); Unlawful Use of a Communication Facility (Count Two); Unlawful Distribution of

Marijuana (Count Three); Unlawful Possession with Intent to Distribute Marijuana (Count Four); and Unlawful Possession with Intent to Distribute Cocaine (Count Five). Subsequent to the indictment, Magistrate Judge Michael Harvey issued an arrest warrant for Ms. Henry.

Ms. Henry appeared in court before Magistrate Judge Harvey, on November 15, 2017, for her initial appearance and arraignment, and she entered a plea of not guilty on all charges. The Government made an oral motion for pretrial detention and Magistrate Judge Harvey scheduled a November 20, 2017, detention hearing in response thereto. At the conclusion of the November 20, 2017, detention hearing, Magistrate Judge Harvey denied the Government's motion for detention and released Ms. Henry to a halfway house. The Government appealed that ruling, and on November 30, 2017, this Court held a hearing on the issue of whether Ms. Henry should be released or detained pending trial. The Court determined that Ms. Henry could be released pending trial but that such release would be made subject to the following conditions:

> that she be released into a work release/halfway house; that she have no social passes, including that she not possess a passport; that she stay away from the apartment she leased; that she report to PSA weekly by telephone; that she be placed in a weekly drug testing program; and that she seek and maintain employment.

Dec. 1, 2017 Mem. Op. and Order, ECF No. 22, at 2.

On December 11, 2017, Ms. Henry was transported to and placed in a halfway house. On December 20, 2017, Ms. Henry moved for a social pass from the halfway house in order to spend several days with her family for Christmas. Over the Government's objection, the Court granted-in-part and denied-in-part Ms. Henry's request, permitting her release on December 25, 2017, from 9:00 a.m. until no later than 5:00 p.m. In doing so, the Court found that

> Since being placed in the halfway house on December 11, 2017, Ms. Henry has been compliant with the rules and regulations of the halfway house; she has reported to PSA by telephone as required; she has been actively seeking employment; and she has tested negative for illegal substances at her December 14, 2017 and December 21, 2017 drug tests.

Dec. 22, 2017 Mem. Op., ECF No. 30, at 3.  In light of "Ms. Henry's desire to spend time with her family during the Christmas holiday," the Court made "a *one-time exception* to the condition of 'no social passes.'"  *Id.* (emphasis added).

The Court denied Ms. Henry's further request for a social pass in January 2018.  Her repeat requests demonstrated an attempted end-run around a "key condition[ ]" of her [19] Release Order, namely that social passes were prohibited.  Jan. 26, 2018 Mem. Op., ECF No. 38, at 3-4.

Ms. Henry appears to remain in compliance with the Court's Release Order, with one possible exception.  As of October 29, 2018, the halfway house had not notified PSA of any infractions by Ms. Henry; she was continuing to report to PSA by telephone; she was maintaining her employment; and she was testing negative for illegal substances.[1]  PSA did note, however, that it issued a verbal warning to Ms. Henry for water loading after one of her recent drug tests.  In turn, the Court expressed concern at its Status Hearing on October 31, 2018, about the several instances in which Ms. Henry has been found possibly engaging in water-loading.  *See, e.g.*, Min. Order of Oct. 31, 2018; Min. Order of Apr. 4, 2018.

Despite evidence that Ms. Henry is complying with the Court's [19] Release Order, the Court cannot treat this third request for a social pass in the same way that it handled the first and only such request that it granted.  "Ms. Henry's compliance with the conditions imposed on her . . . is merely what is expected of her, and as such, it does not warrant her release . . . ."  Dec. 22, 2017 Mem. Op., ECF No. 30, at 3.  As the Court has previously discussed, one of the key conditions to Ms. Henry's pretrial release was the Court's adoption of the condition that Ms. Henry have no social passes.

---

[1] As anticipated by the Court's previous discussion of Ms. Henry's prescription, she has continued to test positive for Amphetamines.  *See* Dec. 1, 2017 Mem. Op. and Order, ECF No. 22, at 5.

3

Moreover, the Government has expressed concerns about activities in which Ms. Henry could engage if she were released and wholly unsupervised. Those concerns include her "full and unmonitored access to the internet," as well as the potential for "open telephone conversations," "contact with individuals and unindicted co-conspirators," "contact with potential government witnesses," and unfettered travel beyond her family's home. Gov't Opp'n at 2. In anticipation that the Court might grant a social pass with conditions, the Government makes certain allegations to suggest that Ms. Henry's family, and in particular, her mother, cannot necessarily be depended upon to enforce the Court's conditions. *See id.* at 2-3. Defendant's response that these concerns are speculative does not do enough to assuage the Court's and the Government's concerns.

For the foregoing reasons, Ms. Henry's [104] Motion for Holiday Release is therefore **DENIED**. A separate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge