**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 17-216-01 (CKK)** |
| | : | |
| v. | : | |
| | : | |
| **TIFFANY HENRY,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S NOTICE
OF REQUEST TO CORRECT THE RECORD**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this Response to the Defendant's Notice of Request to Correct the Record [ECF Doc. 214].

On December 27, 2019, the defense filed a Notice of Request to Correct the Record contending that the government had made an inaccurate assertion to the Court during the hearing on December 19, 2019, regarding whether the defendant had agreed, as part of the plea agreement, not to seek a change in her release conditions.   The defendant further states that she did not make that agreement with the government.   As set forth below, the government does not agree with the defendant's contentions and the government did not make inaccurate assertions to the Court on December 19, 2019.

Plea negotiations in this case with current defense counsel have been ongoing for at least eight months.   The plea negotiations have involved numerous telephone conversations, discussions in person, and meetings between the parties.   During plea negotiations, the positions of the parties changed several times on the same key issues that were disputed.   One of the disputed issues was the defendant's conditions of release pending sentencing.   The government's

1

initial position was that should the defendant plead guilty pursuant to a plea agreement, it would request for the defendant to be remanded pending sentencing. The defendant informed the government that it would not accept a plea agreement with that condition. Following several reviews and changes by the government on this issue during plea negotiations, in June of 2019 during a telephone conversation the government informed defense counsel that the parties would have to agree that the defendant's release conditions would remain the same pending sentencing. Also during that telephone conversation, the government informed the defense that no additional authorization to change that provision would be granted and should the defendant not accept it, the government would withdraw from plea negotiations. While defense counsel was upset government counsel recalls that he responded "okay."

Government counsel acknowledges that she forgot to make the change in the written draft plea agreements to reflect the government's final position on the defendant's conditions of release. We note that due to the numerous plea negotiation discussions and changes, the government stopped trying to make changes to the proposed plea agreement because the parties' positions on certain disputed issues kept changing. Indeed, those discussions included whether the plea agreement would be pursuant to Rule 11 (c)(1)(B) or (c)(1)(C), the charges to which the defendant would plead guilty, conditions of release pending sentencing, relevant conduct, applicable Specific Offense Characteristics pursuant to U.S.S.G. § 2D1.1, applicable adjustments pursuant to U.S.S.G. § 3B1.1, the application of the Safety Valve provision, and forfeiture provisions.

In court and just prior to the commencement of the hearing on December 9, 2019, the defense informed the government that another issue had arisen and that the defendant wanted to seek a change in her conditions of release. The government stated that they would need to discuss

that issue. During a long telephone conversation after that hearing, defense counsel informed the government that the defense wanted to request during the plea hearing that the defendant's release conditions be modified to third party custody. Government counsel informed defense counsel that to do so during the plea hearing would be a breach of the plea agreement because the parties had agreed that the defendant's release conditions would remain the same pending sentencing. Government counsel expressed concern that she anticipated that the government would revoke the plea agreement and asked the defense to consider whether to ask during the plea hearing was worth that potential risk. Defense counsel then stated that he would think about it. On December 12, 2019, during another telephone conversation with defense counsel he indicated that the defense may file a motion to modify conditions of release prior to the scheduled plea hearing on December 19, 2019, because the plea agreement did not prohibit the filing of such a motion prior to the plea hearing. Government counsel agreed that the plea agreement did not preclude the filing of a motion to modify conditions of release prior to the plea agreement hearing but expressed concern over how it would be perceived by the government and whether the government would revoke the plea agreement. Government counsel informed defense counsel that she did not know what position the government would take and would need to speak with her supervisor.

In preparation for the plea hearing on December 19, 2019, the government had not made changes to the proposed plea agreement to reflect the relevant conduct agreement that had been reached. Defense counsel also reminded the government to make changes to the provision regarding the cocaine that the parties had agreed to. When reviewing the plea agreement to present it to a new supervisor to review, government counsel realized that she had never changed the conditions of release section of the plea agreement. Government counsel modified the

language to the conditions of release section of the plea agreement to correspond with the agreement of the parties from the June 2019 telephone discussion. Additional changes were made to the plea agreement due to changes in the government's standard plea agreement language that had occurred at the end of July 2019 but had not been made to the plea agreement for this case. The government informed the defense of those changes along with the clarifying language added to the conditions of release section because those were the additions that the government believed the defense had not yet agreed to because they had not been discussed. The government did not note the change in the conditions of release language to reflect the oral agreement of the parties in June of 2019 because she believed that the defense was aware of that provision due to the extensive telephone conversations about it in early December 2019.

In court and prior to the commencement of the hearing on December 19, 2019, government counsel handed defense counsel a copy of the plea agreement with the changes and also informed him that government counsel had forgotten to change the language in the conditions of release section. The government's representations at the hearing on December 19, 2019, were accurate. Moreover, the plea agreement had a written expiration date of December 19, 2019, which coincided with the scheduled plea agreement hearing. At the time of that hearing government counsel did not have authorization to extend the plea agreement termination date. We note that the defense makes much of the titles government counsel gave to the various drafts of the plea agreement that she had saved. Those titles are not reflective of the "finality" of each draft plea agreement.

The government is prepared to proceed with the plea agreement hearing on December 30, 2019.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472-845

By:             /s/
Karla-Dee Clark
D.C. Bar No. 435-782
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20001
(202) 252-7740
Karla-Dee.clark@usdoj.gov