## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | CRIMINAL NO.: 17-216-01 (CKK) |
| | : | |
| v. | : | |
| | : | |
| TIFFANY HENRY, | : | |
| | : | |
| **Defendant** | : | |
| | : | |

### PROFFER OF EVIDENCE

### I.    THE ELEMENTS OF THE OFFENSE

The essential elements of the offense of Conspiracy to Manufacture, Distribute, and Possess With Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) and 846, each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

1.    that an agreement existed between two or more persons to commit the crimes of Manufacturing, Distributing, and Possessing with Intent to Distribute a Detectable Amount of Marijuana;

2.    that the defendant intentionally joined in that illegal agreement; and

3.    at the time the defendant joined in the agreement or understanding, she knew the purpose of the agreement or understanding.

See, e. g., United States v. Baugham, 449 F.3d 167, 171-174 (D.C. Cir.), cert. denied, 549 U.S. 966 (2006) (citing factors used in determining whether a conspiracy existed between a buyer and seller).

The essential elements of the underlying offense of distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1), each of which the Government must prove beyond a reasonable doubt, are:

1. That the defendant distributed a controlled substance. Distribute means to transfer or attempt to transfer to another person. The Government need not prove that the defendant received or expected to receive anything of value in return; and

2. That the defendant distributed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

The essential elements of the underlying offense of possession with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), each of which the Government must prove beyond a reasonable doubt, are:

1. That the defendant possessed a controlled substance;

2. That the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently; and

3. That when the defendant possessed the controlled substance, the defendant had the specific intent to distribute it.

Distribute means to transfer or attempt to transfer to another person.

## II.   **FACTUAL BASIS**

If this case were to go to trial, the government's evidence would establish beyond a reasonable doubt that:

2

In August of 2017, members of the Metropolitan Police Department of the District of Columbia, Narcotics and Special Investigations Division (hereinafter "MPD"), commenced an investigation of illegal narcotics distribution and trafficking activities occurring from 901 6th Street, Southwest, Apartment 509, Washington, D.C.   Initial targets of the investigation were the defendant and co-defendant Jeremy Albrecht.   Further investigations revealed that the defendant maintained a Facebook account and an extensive internet and street level illegal narcotics distribution organization.

During the investigation, an undercover detective communicated with the defendant through Facebook messenger about the purchase of marijuana and THC concentrate products.   On September 5, 2017, at approximately 8:50 a.m., the undercover detective sent a message to the defendant through Facebook messenger that read, "Tiffany I justed moved back to the area and you were recommended to me by a friend. How can I get aorder with you. Thanks Ty[.]" That same morning at approximately 10:25 a.m., the undercover detective's friend request was accepted.   A message appeared that read "Tiffany DC accepted your request."   The undercover detective received a message that stated, "Hey Just added you as my friend," attached a Shatter House Menu, and a message "that's the link to my menu I update regularly."   Beside that message was a digital image of the defendant.   The undercover detective replied, "cool thank you[.]"   On September 11, 2017, at approximately 1:48 p.m., the undercover officer stated, "thanks[.]"   That same day at approximately 3:06 p.m., the defendant sent a message to the undercover detective that stated, "No let me know if you need anything" with a smiley face on the side.   The undercover detective asked, "Can I swing through tuesday or wed.Lookin to get 2#27 & 2#32[.]"   The defendant replied, "Sure Next Tuesday or wed?"   The undercover officer stated that it was out of

3

town Friday – Monday.   On October 24, 2017, the undercover detective sent the defendant a communication through Facebook messenger that asked to meet between 1:00 and 1:30 that afternoon and "Can I get 1ak47 shat and 2GG#4" which was for marijuana and a THC concentrate product.   The defendant agreed and wanted to know the undercover detective's car.

That same afternoon at approximately 2:20 p.m., a MPD undercover police officer communicated with the defendant through Facebook messenger to inform her that the undercover police officer had arrived for the controlled purchase in the 900 block of 6th Street, Southwest, Washington, D.C.   The defendant replied through Facebook messenger that her friend with dark curly hair was coming out to meet with the undercover officer.   That friend with dark curly hair was co-defendant Angela Cortez.   During the controlled purchase, co-defendant Cortez distributed to the undercover police officer a small black and white bag that contained two grey plastic containers with marijuana and one small container containing a paste like substance in exchange for $150.00 in United States currency, pre-recorded funds.   The containers had "RX" labels.   The controlled purchase was audio and video recorded.

On October 30, 2017, members of the MPD executed a search warrant at the defendant's apartment at 901 6th Street, Southwest, Apartment 509, Washington, D.C. Co-defendant Albrecht lived in the apartment with the defendant.   Co-defendants Albrecht and Cortez were inside the apartment when the search warrant was executed.   During the search of that apartment law enforcement recovered large quantities of illegal narcotics including marijuana in various forms and stages, THC concentrates, THC infused oils, THC waxes, THC butter, THC edibles, and cocaine hydrochloride.   Large quantities of marijuana and THC products were packaged in an assortment and variety of containers with attached "RX" labels.   Laboratory reports from the Drug

4

Enforcement Administration and Department of Homeland Security U.S. Customs and Border Protection have confirmed the illegal substances are marijuana and/or contained scheduled controlled substances Cannabinol and Delta-9-THC, hashish oil, and cocaine hydrochloride.   In plain view throughout the apartment were packaging materials used for the illegal narcotics and the other items that contained illegal narcotics including the THC concentrates and THC edibles, upscale delivery bags, grow materials, beakers, jars, plastic bags, a money counter, and records and papers.   Also recovered was $75,492.92 in assorted United States Currency, including the $150.00 of pre-recorded funds used for the controlled purchase on October 24, 2017.

The illegal narcotics, manufacturing and packaging materials, and other items associated with the illegal narcotics organization and business were in plain view throughout the defendant's apartment.   The illegal narcotics and other items seized from the defendant's apartment were part of her conspiracy to distribute, manufacture, and possess with intent to distribute those items that involved multiple co-conspirators including the co-defendants Albrecht and Cortez.

The defendant maintained an extensive illegal narcotics business that was known by at least the names "Shatter House," "DC Shatter," and "Shatter at Shatter House."   The defendant's photograph was pictured on the Shatter House menu which listed a lengthy and detailed list of illegal narcotics and illegal narcotic items that she manufactured and distributed, and was regularly updated.   Her well organized menu also listed names of her illegal narcotics products, weights, prices and photographs. The defendant created and designed her illegal narcotics business and organization to accommodate various types of orders.

The defendant had multiple individuals and/or employees who assisted, worked and conspired with her illegal narcotics business and organization in various capacities and roles,

5

including the co-defendants Albrecht and Cortez.   The defendant distributed her illegal narcotics through various means, including hand-to-hand transactions and street level distributions. The defendant accepted various forms of payment from narcotics customers including cash, PayPal, and Venmo.

The defendant initially was arrested on October 30, 2017.   On November 9, 2017, an indictment was filed in this case in the United States District Court for the District of Columbia and an arrest warrant for the defendant was issued.   On November 15, 2017, the defendant was arrested pursuant to that arrest warrant.   The defendant admits and accepts responsibility for conspiring with others known and unknown to the government to manufacture, distribute, and possess with intent to distribute 767.53 kilograms of Marijuana,[1] and manufacturing and possessing with intent to distribute Hashish Oil.

---

[1]     The parties have agreed to the Probation Office's relevant conduct calculations contained in the Revised Pre-Plea Guidelines and Criminal History calculation Report dated December 3, 2019.

Limited Nature of Proffer

This proffer of evidence is not intended to constitute a complete statement of all facts known by the defendant or the government but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea.   The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the defendant's plea of guilty.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

Karla-Dee Clark
D.C. Bar No. 435-782
Assistant United States Attorney
555 4th Street, N.W., 4th Floor
Washington, D.C. 20530
(202) 252-7740
Karla-dee.clark@usdoj.gov

7

DEFENDANT'S ACKNOWLEDGMENT

I have read this Proffer of Evidence and have discussed it with my attorneys, Joseph Scrofano and Jay Mykytiuk. I fully understand this Proffer of Evidence. I agree and acknowledge by my signature that this Proffer of Evidence is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully.

Date: _12/30/19_

Tiffany Henry
Defendant

ATTORNEY'S ACKNOWLEDGMENT

I have read this Proffer of Evidence and have reviewed it with our client Tiffany Henry. We concur in our client's desire to adopt this Proffer of Evidence as true and accurate.

Date: _12/30/19_

Joseph Scrofano, Esquire
Jay Mykytiuk, Esquire
Attorneys for the Defendant

8